| | | |
|---|---|---|
| **GOHN,**<br>**HANKEY &**<br>**STICHEL, LLP** | *201 North Charles Street*<br>*Suite 2101*<br>*Baltimore, Maryland 21201*<br>*410-752-9300*<br>*Fax 410-752-2519* | *H. Mark Stichel*<br>Direct Dial: 410-752-1658<br>HMStichel@ghsllp.com |

August 15, 2003

**VIA ECF SYSTEM**

The Honorable Andre M. Davis
United States District Judge
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    The Estate of Richard B. Maltas v. Michael L and Mary Ellen Maltas,
               Civil Action No. AMD-00-3671

Dear Judge Davis:

      Mr. Hollmann, who represents Michael L. Maltas and Mary Ellen Maltas ("Michael and Mary Ellen"), and I have spoken regarding your July 25, 2003, letter. Both of us agree that it would be helpful to all parties if the Court were to schedule a conference to discuss the timing and method by which the case will be tried.

      It is the Estate's position that the Fourth Circuit's reversal of this Court's grant of summary judgment to Michael and Mary Ellen places the case in the same position that it was prior to the grant of summary judgment. In other words, the case should be tried upon all counts of the Complaint that the Estate has filed. It also is the Estate's position that the case is to be tried before a jury, as the Estate has demanded in its Complaint. To the extent that the Court believes that the Fourth Circuit's mandate has narrowed the case, the Estate would disagree with the Court.

      There is a procedural issue that I would like to raise with the Court: The Estate intends to introduce testimony from James Mannion, the Connecticut lawyer that all of the parties consulted, and LeRoy Eugene DeVeaux, the Alaska lawyer that Mr. Maltas consulted. The Estate took a discovery deposition of Mr. Mannion; it also relied upon affidavits from Mr. Mannion and Mr. DeVeaux during the summary judgment phase of the case. The Estate would like to explore the ways in which the testimony of these two witnesses, and possibly one other out-of-state witness, can be presented at trial. The traditional route would be for the Estate to take de bene esse depositions of the witnesses. I would like to explore whether it would be possible for the witnesses to testify in real time at trial via telephone and/or interactive video. I also would like to explore the possibility that Mr. Mannion's discovery deposition, supplemented by a stipulation as to certain things not covered in the discovery deposition, could be used at trial.

GOHN,
HANKEY &
STICHEL, LLP

I appreciate the Court's consideration of this matter.

                                                Respectfully yours,

                                                        /s/

                                                H. Mark Stichel

cc:  Douglas Clark Hollmann, Esquire